# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK STEEN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>A.G. EDWARDS & SONS, INC.,<br><br>Defendant. | Case No.<br><br>CLASS/COLLECTIVE ACTION COMPLAINT<br><br>JURY TRIAL REQUESTED<br><br>Electronically filed |

Plaintiff Mark Steen ("Plaintiff") alleges, on behalf of himself and all others similarly situated in the classes defined below, as follows:

## INTRODUCTION

1. As explained herein, under applicable employment laws, Securities Brokers (defined below) are entitled to overtime compensation regardless of whether their compensation is based on commissions or bonuses. In short, if Securities Brokers work over forty hours per week, they are entitled to premium compensation as overtime pay.

2. This is a nationwide collective action on behalf of all "Securities Brokers," defined as: individuals who sold and/or marketed securities and other financial products sold by Defendant, including but not limited to employees with any one of the following job titles: (i) Securities Broker, (ii) Financial Advisor, (iii) Financial Services Representative, (iv) Investment Executive (v) Investment Representative, and/or (vi) Financial Consultant, who are or were employed A.G. Edwards and Sons, Inc. ("AGE"), or any other parent, subsidiary, related, or successor companies (collectively, the "Company"), to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA" or the "Act").

1

3. In addition to the nationwide FLSA claims, Plaintiff Mark Steen also brings this action as a state-wide class action on behalf of all current and former Securities Brokers within the State of Pennsylvania to recover all unpaid overtime wages pursuant to the Pennsylvania Minimum Wage Act of 1968 ("PMWA") as amended, 43 Pa. C.S.C. § 333.101 *et seq.*; the Pennsylvania Wage Payment and Collection Law ("WPCL") 43 Pa. C.S.A. § 260.1 *et seq.*; and the Pennsylvania Administrative Code (collectively, the "PA Labor Laws").

## SUMMARY OF CLAIMS

4. Plaintiff brings this suit on behalf of all similarly situated persons composed of:

> All current and former Securities Brokers who have worked for Defendant and are/were engaged in, or training to be engaged in, the business of selling securities, and/or have taken or have trained to take registration examinations during the applicable class period and elect to opt-in to this action pursuant to FLSA, 29 U.S.C. § 216(b) ("Collective Action Class").

5. In addition, Plaintiff also brings this action on behalf of all other persons composed of:

> All current and former Securities Brokers who have worked for Defendant in the State of Pennsylvania and are/were engaged in, or training to be engaged in, the business of selling securities, and/or have taken or have trained to take registration examinations during the applicable class period (the "PA Class")

6. The PA Class and the Collective Action Class are collectively referred to herein as the "Classes."

7. Plaintiff alleges on behalf of the Collective Action Class that he is: (i) entitled to unpaid wages from Defendant for overtime work for which he did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

8. Plaintiff alleges on behalf of himself and the PA Class that Defendant violated the applicable state laws by, *inter alia*: (i) failing to pay them premium overtime compensation at

2

the rate of one and one-half times the employee's regular salary for all hours worked in excess of 40 hours in any given workweek, and/or in excess of eight (8) hours in a workday; (ii) failing to pay all wages, including overtime pay, within the required pay period; and (iii) failing to maintain a true and accurate record of the hours worked by members of the PA Class, and furnish to them a statement with every payment of wages listing all the hours worked.

9. As a result of Defendant's violation of the FLSA and PA Labor Laws, Plaintiff and the members of the Classes were illegally and grossly under-compensated for their work.

## FACTUAL ALLEGATIONS

10. Plaintiff and the other similarly situated members of the Classes were inside sales people, and/or trainees to become sales people, engaged in the sale of securities and other financial instruments, that Defendant paid on a commission basis without any premium for overtime pay as required by law.

11. Due to the nature of the job responsibilities and requirements of Defendant's Securities Brokers, Plaintiff and members of the Classes were, and continue to be, required to work more than 40 hours a week during the course of their employment with Defendant.

12. Unless proven to be exempt from the protection of overtime laws, all employees are entitled to overtime pay for work in excess of 40 hours per week.

13. The duties of Securities Brokers are set forth in uniform and company-wide policies and procedures promulgated by Defendant.

14. Pursuant to the Defendant's uniform employment policies, Securities Brokers were paid principally on a commission basis, irrespective of the hours actually worked, and were unlawfully and willfully classified as exempt from overtime compensation.

15. Defendant's employment policy regarding Securities Brokers did not require them to hold a degree specifically in the sale of securities.

16. Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter.

17. First and foremost, Plaintiff and members of the Classes are not administratively exempt because, among other things, their primary duty is the sale of securities.

18. Securities Brokers also do not fall under the retail exemption. Although the Act exempts certain employees of "retail or service establishments" from overtime compensation, *see* 29 U.S.C. § 207, Securities Brokers do not qualify for this exemption. The regulations promulgated by the Department of Labor list which retail operations do not qualify as exempt under the FLSA, 29 U.S.C. § 207. *See* 29 U.S.C.§ 779.317. Included on this list are "brokers, custom house; freight brokers; stock or commodity brokers, [and] . . . securities dealers." *Id.*

19. Finally, Securities Brokers do not qualify for the professional exemption described in the Act, *see* 29 U.S.C. § 213, because the courts have held that Securities Brokers who work on commission are not employed in a *bona fide* professional capacity. Moreover, the professional exemption is for those who are employed in a recognized field that requires a specific degree in a field of science or learning. Put another way, because Securities Brokers are not required to have a degree in the sale of securities, the professional exemption does not apply.

20. As such, Securities Brokers, including Plaintiff and members of the Classes, have been wrongfully classified by Defendant and are not exempt from the requirement of premium overtime pay.

21. In violation of the Act and applicable state employment laws, Plaintiff and the members of the Classes are/were not paid for all the hours worked in a given workweek, and

4

are/were not paid overtime compensation at a rate not less than one and one-half times the rate at which they are/were employed for work performed beyond the 40 hour work week.

22. Plaintiff alleges on behalf of the members of the Classes that Defendant's failure to pay overtime was knowing and willful. Accordingly, Plaintiff and the members of the Classes are entitled to recover all overtime pay due them from overtime hours worked for which premium compensation was not paid.

23. Evidence reflecting the precise number of overtime hours worked by Plaintiff and every other member of the Classes, as well as the applicable compensation rates, is in the possession of Defendant. If these records are unavailable, members of the Classes may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

24. Each of the foregoing acts is in contravention of applicable employment laws.

## JURISDICTION & VENUE

25. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

26. This Court has jurisdiction over the Pennsylvania state law claims pursuant to 28 U.S.C. § 1331(d)(2), because the matter in controversy exceeds the sum or value of $5,000,000 and this case is a class action in which the Plaintiff is a citizen of a state different from Defendant. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff Mark Steen's state law claims because those claims derive from a common nucleus of operative facts.

27. Further, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5

28. Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and the Defendant is subject to personal jurisdiction in this district.

## PARTIES

29. Plaintiff Mark Steen ("Plaintiff"), a Pennsylvania resident, was a Securities Broker employed by Defendant, whom Defendant willfully failed to compensate for hours worked above and beyond the forty hour work week.

30. For purposes of the Collective Action Class, Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

31. Defendant A.G. Edwards & Sons, Inc. is a corporation organized and existing under the laws of the State of Delaware. The principal business address of Defendant is One North Jefferson Avenue, St. Louis, Missouri 63103. At all relevant times during the applicable class period, Defendant has maintained numerous offices within the State of Pennsylvania, and conducts business at those locations. Defendant employs, upon information and belief, hundreds of brokers and various brokers' assistants in the State of Pennsylvania alone at any one time, and Plaintiff estimates the Classes far exceed that amount in total number of participants during the relevant statute of limitations period.

6

## CLASS / COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings this action on behalf of the Collective Action Class as a collective action pursuant to the Fair Labor Standards Act, § 216(b) and on behalf the PA Class for claims under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.102 *et seq.*, and the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. § 2601.1 *et seq.*, as a class action pursuant to the Federal Rules of Civil Procedure 23 and Pa.R.C.P. 1702.

33. The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b). The claims under the PMWA and PWPCL may be pursued by all similarly-situated persons who do not opt-out of the PA Class pursuant to Pa. R.C.P. 1702 and 1711.

**Allegations Applicable To All Classes**

34. The members of each of the Classes are so numerous that joinder of all members is impracticable. While the exact number of the members of the Classes is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are, at minimum, hundreds, if not thousands, of individuals in each defined class.

35. Plaintiff will fairly and adequately protect the interests of the Classes, and has retained counsel that are experienced and competent in class action and employment litigation. Plaintiff has no interests that are contrary to, or in conflict with, members of the Classes.

36. A class action/collective action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

37. A class and collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, the members of the Classes likely will not obtain redress of their injuries, and Defendant will retain the proceeds of their violations of: FLSA § 207; PMWA, 43 P.S. § 333.102 *et seq.*; and PWPCL, 43 P.S. § 2601.1 *et seq.*

38. Furthermore, even if any member of the Classes could afford individual litigation against the Company, it would be unduly burdensome to the judicial system. The instant methodology, when compared to voluminous individual actions, has fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Classes and provide for judicial consistency.

39. There is a well-defined community of interest in the questions of law and fact affecting the Classes as a whole. The questions of law and fact common to each of the Classes predominate over any questions affecting solely individual members of the action. Among the common questions of law and fact are:

    a. Whether Defendant employed the members of the Classes within the meaning of the applicable statutes, including the FLSA;

    b. Whether Securities Brokers were willfully, uniformly and wrongfully classified by Defendant as exempt from overtime compensation;

    c. Whether Defendant failed to pay Plaintiff and members of the Classes all premium overtime compensation due to them by virtue of their uniform designation as exempt;

8

  d.  Whether Plaintiff and members of the Classes were expected to, and/or mandated to, regularly work hours in excess of forty (40) per week;

  e.  Whether Defendant failed to pay Plaintiff and members of the Classes for all hours worked;

  f.  Whether Defendant violated any other statutory provisions regarding compensation due to Plaintiff and members of the Classes; and

  g.  Whether Plaintiff and the Classes have sustained damages and, if so, what is the proper measure of damages.

  40. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance as a class/collective action.

**Allegations Specific To the Collective Action Class**

  41. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute the FLSA claims as a collective action on behalf of:

> All persons during the applicable class period who: (i) are/were employed as Securities Brokers with the Company; (ii) are/were not paid for all the hours worked in a given workweek; and (iii) are/were not paid overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the forty (40) hour work week; and (iv) who chose to opt-in to this action (the "Collective Action Class").

  42. In addition to the common issues of fact described above, the Collective Action Class has numerous common issues of fact, including whether Defendant: (i) violated the FLSA and provisions thereof; (ii) damaged the Collective Action Class, and, if so, the extent of the damages; and (iii) should be enjoined from violations of the FLSA in the future.

  43. Notice of the pendency and any resolution of this action can be provided to Collective Action Members by mail, print, and/or internet publication.

**Allegations Specific To the Class Action Class**

44. Plaintiff brings this action as a class action pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure and Rule on behalf of the following persons similarly situated (the "PA Class"):

> All persons within the State of Pennsylvania during the applicable class period who: (i) were employed as Securities Brokers with the Company; (ii) are/were not paid for all the hours worked in a given workweek; (iii) and are/were not paid overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the forty (40) hour work week, and / or eight (8) hours in a workday (the "Class Action Members").

45. Plaintiff also seeks certification of a subclass consisting of all Class Action Members who, during the applicable class period, were subject to at least one deduction from commissions or other wages, which deduction was not the result of dishonest, willful, or grossly negligent acts by the employee (the "Subclass").

46. In addition to the common issues of fact described above, the Class Action Members and Subclass members have numerous common issues of fact, including whether Defendant: (i) failed to compensate adequately the members of the PA Class for overtime hours worked as required by the PMWA, 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41; (ii) willingly violated the PWPCL, specifically 43 P.S. § 260.3., by not paying the required overtime pay as required by state law; (iii) willingly violated the PA Labor Laws Pa 43 P.S. § 333.108 and 34 Pa. Code §§ 231.31 and 231.36 by not maintaining a true and accurate record of each hour worked, and all wages earned, by members of the PA Class; and (iv) damaged members of the PA Class and, if so, the extent of the damages.

**COUNT ONE**

47. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

48. At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

49. At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each member of the Collective Action Class within the meaning of the FLSA.

50. At all relevant times, Defendant has had annual gross revenues in excess of $500,000.00.

51. As stated above, Defendant has a policy and practice of refusing to pay overtime compensation to its Securities Brokers for the hours worked in excess of forty hours per week.

52. Defendant's failure to pay Plaintiff and all other members of the Collective Action Class for all hours worked in a given workweek, and failure to pay overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the 40 hour workweek, is contrary to the Fair Labor Standards Act of 1938, in particular 29 U.S.C. §§ 206, 207.

53. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

54. Due to the Defendant's willful FLSA violations, Plaintiff, on behalf of the members of the Collective Action Class, is entitled to recover from Defendant, the unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated

11

damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b)

## COUNT TWO

55. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

56. As stated herein and pursuant to Defendant's policy, Securities Brokers were paid primarily on a commission basis irrespective of the number of actual hours worked during a work week.

57. Pursuant to Defendant's compensation policies, Plaintiff and members of the Collective Action Class would not receive any compensation unless they finalized a sale, irrespective of the actual hours worked.

58. Pursuant to Sections 16(c) of the Act, Plaintiff and the members of the Collective Action Class are entitled to liquidated damages equal in amount to the unpaid compensation for the hours worked in which they did not receive compensation equal to the federal minimum wage in an amount to be proven at trial, together with interest, costs, and reasonable attorneys' fees.

## COUNT THREE

59. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

60. As a result of the Defendant's failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Class, Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA.

61. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

62. Due to the Defendant's FLSA violations, Plaintiff, on behalf of the Collective Action Class, is entitled to recover from Defendant the unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT FOUR

63. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

64. The State of Pennsylvania has recognized the importance of protecting employees, and as such has codified its own regulations in the PA Labor Laws.

65. Specifically, 43 P.S. § 333.104(c) and 34 Pa. Code §231.41, state that an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty per week and/or eight per day, unless the employee falls under one of the enumerated exemptions.

66. Members of the PA Class, including Plaintiff regularly worked more than forty (40) hours per week, and received no premium pay for hours worked in excess of forty (40) per week.

67. Members of the PA Class are not part of any group that is exempt from the overtime requirements.

13

68. Defendant's willful and unlawful acts of wrongly classifying the PA Class as exempt constitute violations of the PA Labor Laws, by not paying the required state law overtime pay to the members of the PA Class.

69. Pursuant to 43 P.S. § 333.113, Plaintiff, on behalf of the PA Class, requests an order requiring Defendant to make restitution of all state law overtime wages due to the PA Class in an amount to be proven at trial, in addition to reimbursement of costs associated with this litigation and reasonable attorney's fees.

## COUNT FIVE

70. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

71. Defendant failed to pay the members of PA Class, including Plaintiff, all wages due to them, as required by the PA Labor Law, and is in violation of 43 P.S. §260.3. This failure to pay all amounts which remain due and owing remains ongoing.

72. Therefore, Plaintiff, on behalf of the PA Class, demands an accounting and payment of all wages due, in addition to a penalty of twenty-five percent (25%) of the wages due in accordance with 43 P.S. § 260.10, plus interest and reasonable attorney's fees allowed by law.

## COUNT SIX

73. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

74. 43 P.S. § 333.108 and 34 Pa. Code § 231.31 require employers to keep a true and accurate record of, among other items, the hours worked each day and each workweek by its employees, and how much overtime was worked. Additionally, 34 Pa. Code § 231.36 requires employers to furnish a statement to all employees with each payment of wages indicating the number of hours worked during the specific pay period.

Case 2:07-cv-00147-TFM-LPL Document 1 Filed 02/06/07 Page 15 of 16
Case 2:09-mc-02025 Document 2407-1 Filed 02/06/2007 Page 15 of 16

75. Upon information and belief, Defendant did not keep such records, nor did it provide or furnish an accurate statement to the PA Class, in violation of PA Labor Laws.

76. Therefore, Plaintiff, on behalf of the PA Class, requests all such relief that this Court deems appropriate pursuant to the PA Labor Laws.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for:

A. A Declaration that Defendant has violated the FLSA and other applicable employment laws;

B. An Order designating the Collective Action Class as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

C. An Order designating the PA Class as a class action pursuant to the Federal Rule of Civil Procedure 23;

D. An Order appointing Plaintiff and his counsel to represent the Classes;

E. Imposition of a Constructive Trust on any amount by which Defendant was unjustly enriched at the expense of the Classes as the result of the actions described above;

F. An Order enjoining Defendant from any further violations of the FLSA;

G. For compensatory and punitive damages and all other statutory remedies permitted under the PA Labor Laws;

H. Interest;

I. An Order awarding attorneys' fees and costs;

  J.  An Order for equitable restitution of all wages improperly withheld or deducted by Defendant; and

  K.  For all other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby request a jury trial on all issues so triable.

February 6, 2007          Respectfully submitted,


                By: /s/ R. Bruce Carlson
                **CARLSON LYNCH LTD**
                R. Bruce Carlson, PA56657
                Gary F. Lynch, PA56887
                Stephanie K. Goldin, PA202865
                P.O. Box 367
                231 Melville Lance
                Sewickley, PA 15143
                Telephone: 412-749-1677
                Facsimile: 412-749-1686
                bcarlson@carlsonlynch.com

                A. Hoyt Rowell, III
                Daniel O. Myers
                **RICHARDSON PATRICK**
                **WESTBROOK & BRICKMAN LLC**
                1037 Chuck Dawley Blvd., Bldg A
                Mt. Pleasant, SC 29464

                Counsel for Plaintiff