# EXHIBIT A
(Steen v. A.G. Edwards)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RIGOBERTO HERREJON GUERRERO and DANILO "JUNIOR" ISAULA, | : : : | Case No. 4:06-CV-1713 |
| Plaintiffs, | : : | (Judge Jones) |
| v. | : : | |
| INTERNATIONAL BEDDING CORPORATION, f/k/a IBC GROUP, INC., f/d/b/a IBC OF PENNSYLVANIA, INC., | : : : : | |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

**March 26, 2007**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Pending before this Court are three Motions. The first is a Motion to Strike Plaintiffs' Class and Collection Action Allegations, or in the Alternative, for More Definite Statement ("Motion to Strike or for More Definite Statement"), filed by Defendant International Bedding Corporation ("Defendant" or "IBC") on October 27, 2006. (Rec. Doc. 7). The second is a Motion for Notice to the Production Bonus, Opt-In Class ("Motion for Notice"), filed by Plaintiffs Rigoberto Herrejon Guerrero and Danilo "Junior" Isaula (collectively, "Plaintiffs") on February 13, 2007. (Rec. Doc. 24). The third is a Motion for Rule 23 Certification of the

1

"Production Bonus Class" ("Motion to Certify"), filed by Plaintiffs on February 16, 2007. (Rec. Doc. 27).

For the reasons that follow, the Motion to Strike or for More Definite Statement shall be granted in part and denied in part, the Motion for Notice shall be granted to the extent specified herein, and the Motion to Certify shall be denied as moot.

**PROCEDURAL HISTORY/FACTUAL BACKGROUND:**

On August 31, 2006, Plaintiffs Rigoberto Herrejon Guerrero ("Herrejon") and Danilo "Junior" Isaula ("Isaula") filed a Complaint in the above-captioned action. (Rec. Doc. 1-1). Therein, Herrejon and Isaula brought claims under both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. § 333.101, et seq. Each Plaintiff brought a FLSA claim "for himself and as a representative action on behalf of other similarly situated employees" of IBC and a PMWA claim "for himself and as a class action . . . ." (Rec. Doc. 1-1, ¶ 3).

On October 27, 2006, Defendant filed the Motion to Strike or for More Definite Statement. (Rec. Doc. 7). While the Motion to Strike or for More Definite Statement was pending before this Court, Plaintiffs filed two Motions. On February 13, 2007, Plaintiffs filed the Motion for Notice. (Rec. Doc. 24). Shortly

2

thereafter, on February 16, 2007, Plaintiffs filed the Motion to Certify. (Rec. Doc. 27).

The parties' thorough briefing on these three Motions provides a comprehensive summary of both the circumstances that led to the filing of the instant action and the posture of this litigation. Accordingly, the following recitation is taken therefrom and is sufficient for our disposition of the pending Motions.

Plaintiffs' claims arise out of their alleged former employment by Defendant. (Rec. Doc. 1-1, ¶ 1). Defendant purports to be a "national manufacturer of quality sleep systems . . . that operates manufacturing facilities in Arizona, Florida, Indiana, Nevada, Pennsylvania, Tennessee, Texas, and Virginia." (Rec. Doc. 33 at 3). Herrejon and Isaula were allegedly employed at one of Defendant's two Schuylkill County, Pennsylvania, plants beginning in the spring of 2000 and the spring of 2005, respectively. (Rec. Doc. 1-1, ¶ 6).

Plaintiffs instituted the instant action because they assert that during the course of their employment with Defendant, they were improperly denied at least a portion of the overtime pay to which they were entitled. (Rec. Doc. 9 at 3). Plaintiffs attempt to bring their FLSA and PMWA claims as collective and class actions, respectively, because they allege that other employees in situations similar

to theirs were also improperly denied overtime pay. (Rec. Doc. 1-1, ¶¶ 11-12).

However, as Plaintiffs concede, their claims "arise from two distinct policies of the Defendant." (Rec. Doc. 9 at 3). Herrejon's claims are based on IBC's alleged failure to include his production bonus in the calculation of his overtime pay rate during those weeks in which he received such a bonus. (Rec. Doc. 1-1, ¶ 22). Isaula's claims are based on IBC's alleged failure to pay him overtime for those hours that he worked in excess of forty (40) hours per week, which Isaula contends occurred because IBC paid him in cash, indirectly through labor agents. (Rec. Doc. 1-1, ¶ 26).

While the instant Motions were pending, a significant amount of discovery occurred.[1] Indeed, discovery has revealed that IBC did not include production bonuses in the calculation of the overtime pay rate for Herrejon, or any other IBC

---

[1] By way of background, Plaintiffs propounded an initial set of interrogatories, requests for admissions, and requests for production of documents on Defendant, and Defendant has answered all of them. (Rec. Doc. 28 at 3). Plaintiffs also propounded a second individual interrogatory that requested the names and addresses, as well as other background information, of members of the alleged "production bonus class." (Rec. Doc. 28 at 4). Defendant had apparently not provided the requested information in said interrogatory by the time of Plaintiffs' Motion for Notice, as a portion thereof requests that this Court order Defendant to provide Plaintiffs with such information for all 677 persons alleged to fall within the class. (Rec. Doc. 24 at 6). Moreover, although the depositions of Defendant's corporate executives in Florida have been rescheduled several times (doc. 28 at 4), at least one of Defendant's representatives has been deposed (doc. 35, Exh. F).

Additionally, Defendant has propounded written discovery requests on both named Plaintiffs, as well as the other Plaintiffs who have thus far opted-in to this action. (Rec. Doc. 28 at 4). Whether Plaintiffs have responded to Defendant's requests is unclear on this record.

4

employees earning production bonuses at seven other IBC plants, at all times relevant prior to October 2006. (Rec. Docs. 24, Exh. A; 35 at 9, Exh. F at 22-23). Accordingly, Plaintiffs filed their Motion for Notice to other current and/or former IBC employees whom they allege are similarly situated to Herrejon because their overtime pay rate was calculated without taking their bonuses into consideration, a group alleged to number 677 persons. (Rec. Doc. 28 at 6-7). Plaintiffs refer to this class as the "production bonus class," and for the sake of simplicity, we will do the same here.

As the Motion to Strike or for More Definite Statement and the Motion for Notice have been fully briefed, they are ripe for disposition. The time in which to file a Reply Brief regarding the Motion to Certify has not expired, but we decline to await the expiration thereof because our disposition of the other Motions moots the Motion to Certify.

**DISCUSSION:**

I.  **Plaintiffs' State Law Claims**

We begin our consideration of the pending Motions by noting that we will dismiss Plaintiffs' PMWA claims based on our logic in Otto v. Pocono Health System, ___ F. Supp. 2d ___, 2006 WL 3059924 (M.D. Pa. Oct. 27, 2006), where we held that "[t]o allow an [FLSA] Section 216(b) opt-in action to proceed

5

accompanied by a Rule 23 opt-out state law class action claim would essentially nullify Congress's intent in crafting Section 216(b) and eviscerate the purpose of Section 216(b)'s opt-in requirement." Id. at *2. We see no reason to reconsider our reasoning thereof, particularly in light of the fact that the Court of Appeals for the Third Circuit denied the plaintiffs' Petition for Permission to Appeal that decision. (See Docket No. 4:06-CV-1186, Rec. Doc. 27). Moreover, the factual circumstances surrounding the instant action and the posture in which we are currently situated do not distinguish Otto as "Plaintiffs Admit There is no Material Distinction between This Case . . . " and Otto. (Rec. Doc. 19 at 2). Accordingly, Defendant's Motion to Strike or for More Definite Statement shall be granted to the extent that Plaintiffs' PMWA claims will be dismissed.[2]

Our determination that Plaintiffs' PMWA claims should be dismissed

---

[2] We are cognizant that Defendant's Motion to Strike or for More Definite Statement also sought to have this Court either strike Plaintiffs' FLSA claims to the extent that Plaintiffs seek to bring them as a collective action or actions or, in the alternative, to require a more definite statement as to these claims. (Rec. Doc. 13 at 12).
    However, particularly in light of the subsequent filings, we will deny these portions of Defendant's Motion to Strike or for More Definite Statement. First, we will deny Defendant's request to strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure because we see no reason to consider the parties' somewhat abbreviated arguments for and against permitting the FLSA collective actions to proceed contained within the briefing on the Motion to Strike or for More Definite Statement given the comprehensive analysis that the parties have provided in the briefing on the Motion for Notice as to Herrejon's § 216 claim. (See Rec. Docs. 24, 28, 33-35). Second, we will deny Defendant's request for more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure because Defendant's subsequent submissions make it clear that IBC understands the claims that Plaintiffs seek to bring and the bases therefor.

necessarily moots Plaintiffs' Motion to Certify the "production bonus class" that Herrejon seeks to represent under the PMWA. Accordingly, we will deny Plaintiffs' Motion to Certify as moot.

## II. Plaintiffs' FLSA Claims

Initially, we note that Defendant's Brief in Support of the Motion to Strike or for More Definite also requested that this Court order that Plaintiffs' actions be severed "based on their individualized factual bases." (See, e.g., Rec. Doc. 8 at 10 n.1). In response, Plaintiffs acknowledge that "[a]lthough not couched in terms of misjoinder under Rule 21, Defendant . . . argues . . . that the claims of [Herrejon] and [Isaula] . . . may not be prosecuted in the same action against it, because the claims arise from distinct policies of Defendant." (Rec. Doc. 9 at 2-3). Plaintiffs go on to concede that "[i]n terms of proper joinder, Defendant's point is well taken." (Rec. Doc. 9 at 3).

However, Plaintiffs also indicate that they object to severance prior to the close of discovery. (Rec. Doc. 9 at 3-4). As this Court's Order (doc. 15) following the case management conference indicates that discovery in this matter will not close until July 18, 2007, we agree that any motion to sever will be premature prior to that time, and accordingly, we will not order severance at this point. Following the close of discovery, however, we will entertain a Motion to Sever should

7

Defendant find its filing to be in order at that time.

Thus, we turn to consideration of the Motion for Notice to those members of the "production bonus class" that Plaintiff Herrejon seeks to represent in the prosecution of his FLSA claim. (Rec. Doc. 24).

In the Motion for Notice and the briefing in support thereof, Plaintiffs argue that the only requirement for issuance of notice of a § 216 FLSA action ("§ 216"), see 29 U.S.C. § 216(b), is that "proposed class members [to whom the notice is sent] . . . be 'similarly situated' with the [P]laintiff." (Rec. Doc. 28 at 8).[3] Plaintiffs proffer evidence obtained via discovery that reveals that 677 former and/or current IBC employees are similarly situated to Herrejon because calculation of their overtime pay rate also did not take into account the production bonuses received. (Rec. Doc. 35 at 9). Accordingly, Plaintiffs request that this Court issue an order 1) "approving class notice to the production bonus class of persons similarly situated with Plaintiff [] Herrejon," 2) "requiring Defendant to provide Plaintiffs' counsel" with all necessary information to provide such notice, and 3) "approving specifically the class notice" that Plaintiffs have proposed. (Rec. Doc. 28 at 11).

---

[3] However, implicit in Plaintiffs' requested relief, and, indeed, explicit in their arguments, is that the two requirements for a § 216(b) collective action to proceed are: 1) "the proposed class members . . . be 'similarly situated' with the plaintiff;" and 2) those purported class members "file a written consent to sue the employer." (Rec. Doc. 28 at 8).

In its opposing brief, Defendant makes several alternative arguments.[4] First, Defendant argues that no notice of Herrejon's § 216 claim should issue because two prerequisites to such notice exist: the purported class must 1) be "similarly situated" to the representative plaintiff; and 2) demonstrate sufficient interest in pursuing FLSA litigation. (Rec. Doc. 33 at 5-7). Defendant argues that Plaintiffs have not shown at least one of these elements. (Rec. Doc. 33 at 5-7). In the alternative, Defendant also argues that if notice of Herrejon's § 216 claim issues, it should be limited to only those persons who received a production bonus while employed at the Pennsylvania plant at which Plaintiffs worked because only current and/or former employees at that plant have shown an interest in the instant action. (Rec. Doc. 33 at 7-8).

Our review of the law surrounding the issuance of notice of a collective action under § 216 of FLSA leads us to conclude that conditional certification of the "production bonus class" is appropriate at this time and that notice of this collective action should be issued as soon as is feasible. Accordingly, we will order that within thirty (30) days of the date of this Order, Defendant shall provide Plaintiffs all necessary information in order to facilitate Plaintiffs' issuance of

---

[4] The Court is cognizant that Defendant has also argued that Plaintiffs' § 216 claims "Cannot Proceed Under 216(b) Because They Intend to Pursue a Rule 23 Class Action." (Rec. Doc. 33 at 8). However, we need not address this argument here in light of our above dismissal of Plaintiffs' state law claims.

9

Notice to the "production bonus class," which we will conditionally certify at this time.

Guiding our determination are the text of § 216(b) and the precedent interpreting it. In relevant part, § 216(b) provides:

> An action to recover . . . may be maintained against any employer (including a public agency) . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Notably, § 216(b) contains no reference to the "sufficient interest" requirement that Defendant seeks to have us impose.

Moreover, the vast majority of the precedent to which Defendant directs us summarizes the requirements for a collective action under § 216(b) of FLSA as Plaintiffs have outlined them.[5] Indeed, our colleagues on this Court have

---

[5] Indeed, the sole sources of authority upon which Defendant relies for its contention that "sufficient interest" among the proposed class must exist before Notice is ordered are from outside of this Circuit. See Davis v. Pokphand (USA), Inc., 303 F. Supp. 2d 1272, 1276-77 (M.D. Ala. 2004) (citing Dybach v. Florida Dep't of Corr., 942 F.2d 1562, 1567-68 (11th Cir. 1991)). Although we may follow such authority if we find it persuasive, it is not binding on this Court. For a number of reasons, including the established precedent in this Circuit that does not impose the "sufficient interest" requirement and the fact that Dybach may not stand for the strong proposition that Defendant suggests, we find unpersuasive Defendant's argument that Plaintiffs must show "sufficient interest" among proposed class members prior to the issuance of Notice. See Dybach, 942 F.2d at 1567 (noting that "we reach that issue [whether a district court has power to issue notice under § 216(b)] because it would appear that there is considerable probability that Dybach will be able to proffer evidence to the district court on remand . . . showing that there are a number of employees of the department-employer who are 'similarly situated' and who may desire to 'opt-in.'") (emphasis added).

repeatedly held that "there are two requirements of the FLSA's opt-in provision: (1) all plaintiffs must be similarly situated; and (2) opt-in plaintiffs must consent in writing to be a named plaintiff." Evans v. Lowe's Home Ctrs., Inc., 2006 WL 1371073, at *2 (M.D. Pa. May 18, 2006). See also Bosley v. Chubb Corp., 2005 WL 1334565, at *2 (M.D. Pa. June 3, 2005) (summarizing the requirements as "(1) all plaintiffs must be 'similarly situated;' and (2) all plaintiffs must consent in writing to taking part in the suit."). Sister courts within the Third Circuit have concluded the same. See Chabrier v. Wilmington Finance, Inc., 2006 WL 3742774, at *2 (E.D. Pa. Dec. 13, 2006) (indicating that "[t]he burden is on the plaintiff to show that the proposed class satisfies two basic requirements: (1) class members must be 'similarly situated'; and (2) all members must affirmatively consent to join the action."); Aquilino v. Home Depot, Inc., 2006 WL 2583563, at *1 (D.N.J. Sept. 7, 2006) (noting that "[t]he burden is on the plaintiff to show that the proposed class satisfies two basic requirements. They are that (1) class members must be 'similarly situated' and (2) members must affirmatively consent to join the action or 'opt-in.'").

    As our colleague from the Eastern District of Pennsylvania has noted:

In the absence of guidance from the Supreme Court and the Third Circuit, district courts have developed a two-tiered test to determine whether FLSA claimants are 'similarly situated' for the purposes of § 216(b). The first step in this test is conducted early in the litigation process, when the court has

11

> minimal evidence. This step is a preliminary inquiry into whether the plaintiff's proposed class is constituted of similarly-situated employees. At this stage, the court grants only conditional certification of the class for the purpose of notice and discovery, and this is done under a comparatively liberal standard. The second step is usually conducted after the completion of class-related discovery. During the second step, the court conducts a specific factual analysis of each employee's claim to ensure that each claimant is an appropriate party. Plaintiffs bear the burden of showing they are similarly situated to the remainder of the proposed class.

Bosley, 2005 WL 1334565, at *2.

We find ourselves at the first step, at which "[c]ourts differ in the level of proof required." Chabrier, 2006 WL 3742774, at *2 (indicating that "[s]ome courts have found that mere allegations in the complaint are sufficient; others have required some factual showing that the 'similarly situated' requirement is satisfied."). We need not decide which of these two levels we require, however, as the submissions before provide us an ample factual showing that the proposed 677 class members to which Plaintiffs would like to issue notice are "similarly situated" to Herrejon because IBC has conceded that prior to October of 2006, the overtime pay rate of those employees who received a production bonus did not take the bonus into account. (Rec. Docs. 24, Exh. A; 35 at 9, Exh. F at 22-23). Accordingly, at this time, we will conditionally certify the "production bonus class" and order that Notice of this § 216(b) action be provided to all 677 members thereof.

Although we are sympathetic to Defendant's request that Notice be restricted to those employees who worked in the Pennsylvania plant at which our named Plaintiffs did, in light of the evidence before us, we are constrained to conclude that such Notice would be inadequate.[6] We so conclude based on Chabrier, in which a colleague in the Eastern District declined to issue a nationwide notice because plaintiffs had failed to present any evidence that employees outside of the state at issue had been improperly denied overtime. In so doing, she noted that "[a]lthough the plaintiff must meet only a liberal standard for determining whether there are other 'similarly situated' employees, there must be some evidence on which a reasonable inference about this could be made." 2006 WL 3742774, at *3. Unlike the circumstances in Chabrier, Plaintiffs in the instant action have shown, via Interrogatory Answers, as well as deposition testimony by an IBC representative, that prior to October of 2006, production bonuses were not taken into account when calculating overtime pay rates for all IBC employees who received such bonuses at IBC's plants in Pennsylvania, Florida, Texas, Arizona, Nevada, Tennessee, Indiana, and Virginia. (Rec. Docs. 24, Exh. A; 35 at 9, Exh. F at 22-23). Accordingly, Notice must be issued to all such persons. Plaintiffs have

---

[6] Our dismissal of Plaintiffs' state law claims renders moot Defendant's argument that Plaintiffs' PMWA claims necessarily limit all putative class members to those who have worked at the Pennsylvania plant at issue.

13

indicated that the class includes approximately 677 persons (doc. 28 at 2), and we order that Notice will be issued thereto on the assumption that the figure is final.

Finally, we turn to the language of the Notice to be sent. Our review of the parties' briefing on this issue, as well as the three (3) proposed Notices that have been submitted, reveals that the parties disagree about a wide variety of details concerning the Notice's content. Although we understand that counsel are attempting to fulfill their duty of zealous representation, this Court simply will not conduct a piecemeal evaluation of each of these areas when, in fact, our disposition of the pending Motions should enable competent counsel to reach an agreement on the disputed areas.[7] See, e.g., Bosley, 2005 WL 1334565, at *5 (ordering counsel to confer regarding the content of the proposed notice).

Thus, we direct counsel for both parties rededicate themselves to this task. Within thirty (30) days of the date of this Order, counsel for Plaintiffs and Defendant shall meet in order to resolve all disputed language and provide the Court with a letter indicating the results thereof. Such letter shall either contain a copy of the agreed upon Notice, or shall certify the areas upon which the parties

---

[7] We note, however, that the Notice that counsel will be ordered to provide to this Court, within thirty (30) days, should reflect that all opt-in forms are to be returned to Plaintiffs' counsel, not this Court. Simply stated, an administrative nightmare would ensue if even a fraction of the 677 forms to be mailed were returned to the Court, and Sperling v. Hoffman-La Roche, Inc., 862 F.2d 439, 440 (3d Cir. 1988), aff'd, 493 U.S. 165 (1989), suggests that Plaintiffs' counsel, not this Court, should have the relationship with opt-in plaintiffs.

have failed to reach an agreement and provide a copy of the Notice provisions upon which an agreement has been reached.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendant's Motion to Strike or for More Definite Statement (doc. 7) is **GRANTED** in part and **DENIED** in part to the following extent:

    a. The Motion is **GRANTED** to the extent that Plaintiffs' PMWA claims are dismissed; and

    b. The Motion is **DENIED** in all other respects.

2. Plaintiffs' Motion for Notice to the Production Bonus, Opt-In Class (doc. 24) is **GRANTED** to the extent that:

    a. We conditionally certify that Herrejon can pursue a collective action on behalf of the "bonus production class;" and

    b. Within thirty (30) days of the date of this Order, Defendant shall provide Plaintiffs with all necessary information about the "bonus production class" members for Plaintiffs to effectuate Notice of this collective action upon them.

3. Plaintiffs' Motion to Certify (doc. 27) is **DENIED** as moot.

4. Counsel for Plaintiffs and counsel for Defendant are directed to provide the Court within thirty (30) days of the date of this Order

either 1) an agreed upon Notice to the "Production Bonus Class;" or 2) a letter certifying the areas upon which they have failed to reach an agreement, as well as a copy of the Notice provisions upon which an agreement has been reached.

s/ John E. Jones III
John E. Jones III
United States District Judge
